# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK
# ROCHESTER DIVISION



CLINTON STRANGE,

Plaintiff

Case No. 6:18-CV-06635-FPG

FIRST AMENDED COMPLAINT

v.

SLICK INNOVATIONS, LLC;

a New York Domestic Limited Liability Company

&

BISTRO TO GO, LLC,

a Louisiana Limited Liability Company

Defendants

**Civil Action:**

**Complaint for Violations of the:**

**Telephone Consumer Protection Act 47 U.S.C. § 227**

1

)

)

**Demand for Jury Trial**

)

)

**Preliminary Statement:**

This is an action brought by an adult individual who is a natural person against Defendants SLICK INNOVATIONS, LLC and BISTRO TO GO, LLC for violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), under the following U.S. Federal Statute:

Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(a)

)

**Jurisdiction of this Court arises under:**

Telephone Consumer Protection Act 47 U.S.C. § 227

Because the action brought involves Federal Question Jurisdiction.

)

**Venue Lies Properly in This Court:**

Pursuant to 47 U.S.C. § 227(g)(4) & 28 U.S.C § 1391.

**Parties:**

Plaintiff Clinton Strange is an adult individual residing at the address of:

Clinton Strange
7021 Winburn Drive
Greenwood, LA 71033


Defendant SLICK INNOVATIONS, LLC is a New York Domestic Limited Liability Company who according to the New York Department of State Division of Corporations is listed as:

Slick Innovations, LLC
301 E. Second Street
Suite 302
Jamestown, New York 14701
&

Whose Registered Agent is Listed as:

NONE

Defendant BISTRO TO GO, LLC is a Louisiana Limited Liability Company that according to the Louisiana Secretary of State has a principal place of business at:

Bistro To Go
748 Lassus Street
Shreveport, LA 71106
&

Whose Registered Agent is Listed as:

Jonathan E Emery

748 Lassus

Shreveport, LA 71106

**Factual Allegations:**

1. Plaintiff's cellphone number 318-780-8946 is registered on the Federal Do-Not-Call listing, and has been so registered since at least 10/29/2014, and Plaintiff 're-registered' on 01/24/2018.

2. Plaintiff never provided his cellphone number to Defendants or consented to be contacted by any means on his cellphone number 318-780-8946 by the Defendants listed herein. Plaintiff has no business relationship with either Defendant, nor has he ever had one with either Defendant listed herein.

3. Plaintiff does not like to receive unwanted and solicitous commercial phone calls, texts, or SMS/MMS messages on his cellphone because they "intrude on his seclusion and violate his rights to privacy guaranteed under the U.S. Constitution", and further deplete Plaintiff's mobile device's memory storage capacity, deplete Plaintiff's battery level on his cellphone, and require him to use a measurable amount of mental and physical energy to review the contents of the unwanted SMS text spams. Plaintiff alleges that [he] has Article III standing under the Constitution of the United States of America as a result of Defendants' alleged conduct. Also, that conduct meets

at least the definition of the Tort of Conversion of Plaintiff's Chattel [i.e. his cellular telephone].

4. Plaintiff Clinton Strange is the wireless cellphone subscriber to the number 318-780-8946 and is financially responsible for the Verizon Wireless Account herein.

5. Plaintiff alleges that the Defendants or alternatively a 3rd Party Marketing Company hired by the Defendants sent at least one text message to the Plaintiff on his cellphone number 318-780-8946 within a 12-month period.

6. Plaintiff alleges that Defendants or alternatively a 3rd Party Marketing Company acting as an 'Agent' under the common law of agency for Defendants utilized an Automatic Telephone Dialing System ("ATDS") to send unwanted / unsolicited SMS / MMS text spam messages to Plaintiff's cellphone number 318-780-8946. Plaintiff knows that the technology platform used to send the violative text message was an autodialer because Defendant Slick Innovations' website advertises "mass texting" as a product they offer.

7. On 08/24/2018 at 11:00am CDT Defendants allegedly sent Plaintiff a Text

Spam Message from Short Code number 31996 that contained advertising

for the Bistro To Go brand. The text message was impersonal and did not

mention Plaintiff by name. And a short code was used that indicated that an

ATDS was used to send the text message. The impersonal and generic nature

of Defendant's text message demonstrates that Defendant utilized an ATDS

in transmitting the messages. *See Jenkins v. LL Atlanta, LLC*, No. 1:14-cv-

2791-WSD, 2016 U.S. Dist. LEXIS 30051, at *11 (N.D. Ga. Mar. 9,

2016)("These assertions, combined with the generic, impersonal nature of

the text message advertisements and the use of a short code, support an

inference that the text messages were sent using an ATDS.") (citing *Legg v.*

*VoiceMedia Grp., Inc.*, 20 F. Supp. 3d 1370, 1354 (S.D. Fla. 2014) (plaintiff

alleged facts sufficient to infer text messages were sent using ATDS; use of

a short code and volume of mass messaging alleged would be impractical

without use of an ATDS); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165,

1171 (N.D.Cal. 2010) (finding it "plausible" that defendants used an ATDS

where messages were advertisements written in an impersonal manner and

sent from short code); *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1130;

*Robbins v. Coca-Cola Co.*, No. 13-CV-132-IEG NLS, 2013 U.S. Dist.

LEXIS 72725, 2013

WL 2252646, at *3 (S.D. Cal. May 22, 2013) (observing that mass messaging would be impracticable without use of an ATDS)) *See Exhibit A.*

8. The text message from 08/24/2018 was sent to Plaintiff's cellphone number 318-780-8946 *See Exhibit B.*

9. The text message from 08/24/2018 contained Message Details than can be examined by viewing *Exhibit C.*

10. The text message Plaintiff alleges was sent by the Defendants on 08/24/2018 contained advertising for Defendant Bistro To Go's products and services. The text message also constituted "telemarketing".

11. Defendant Bistro To Go is a party to a contract, mise and or agreement(with Defendant Slick Innovations) that is enforceable, under the terms of said agreement, governed by the Laws of the State of New York.

12. Defendant Slick Innovations d/b/a SlickText operates the ATDS platform technology which has the present or potential capacity to store cellphone numbers (from a contact list). The software technology then "mass texts" the targeted numbers randomly and/ or in a sequence at the discretion of the "machine". A Technology platform such as this which meets at least the "low bar" of what constitutes an autodialer in the Second Circuit.

13. Defendant Slick Innovations is domiciled in Chautauqua County, NY and is registered with the New York Division of Corporations as a Domestic For-Profit Limited Liability Company.

14. Defendant Bistro To Go is a Louisiana Limited Liability Company.

15. Defendants colluded together to send the violating text message Plaintiff received and perhaps more that Plaintiff has since deleted from his phone.

16. The text message that the Plaintiff alleges to have received on his cellphone on 08/24/2018 at 11:00am CST seems to indicate that [i]t was in reference to a "first time Bistro To Go online order" lending weight to the Plaintiff's allegation that NO PRIOR established business relationship existed between Plaintiff and the Defendants herein *See Exhibit A.*

17. Defendant Party Slick Innovations maintains most or all of the business and electronic records pertaining to and regarding the text message campaigns between the Client who is Defendant Party Bistro To Go at the Jamestown, New York Office.

18. Defendants text message that Plaintiff can document DID NOT contain 'opt-out' instructions in violation of 16 C.F.R., and the TSR 'Telemarketing Sales Rule' *See Exhibit A.*

19. Defendants were careless and reckless in their maintaining customer listings in that they knew they did not have consent to text message all the

numbers 'on their list, or alternatively were negligent in the duty of care they exercised in maintaining the 'opted-in' list of cellphone subscribers to the campaign.

20. Other U.S. District courts in the Second Circuit have adhered to an adopted pleading standard (in regard to Motions to Dismiss) of alleging an ATDS was used. For instance, recently in *Rotberg v. Jos. A. Bank Clothiers, Inc.* Case No. 16-cv-2962, 2018 WL 5787480 (S.D.N.Y. Nov. 5, 2018), when a "mass texting" platform was used to send text messages. In that case the platform provider advertised it sent 4 Billion text messages. It also was a "mass texting" service like Defendant Slick Innovations.

21.   Defendant Party Slick Innovations 'Platform Equipment' is housed in or near their principal place of business in Jamestown New York, and this will be the location where Plaintiff's Technology Expert Witness will be able to further evaluate the machine to prove "[i]t has the present or potential capacity" to be defined as an ATDS under the definition of the Second Circuit.

22.   Defendant Party Bistro To Go will be able to provide unprivileged communications between themselves and Defendant Party Slick Innovations regarding the text messaging campaign.

23. The Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(a)(iii) states

   in part that:

(b)RESTRICTIONS ON USE OF AUTOMATED TELEPHONE EQUIPMENT

(1)PROHIBITIONS It shall be unlawful for any <u>person</u> within the <u>United States</u>, or

any person outside the <u>United States</u> if the recipient is within the <u>United States</u>

(A)to make any call (other than a call made for emergency purposes or made with

the prior express consent of the called party) using any <u>automatic telephone dialing</u>

<u>system</u> or an artificial or prerecorded voice

**iii)**

to any telephone number assigned to a paging service, cellular telephone service,

specialized mobile radio service, or other radio <u>common carrier</u> service, or any

service for which the called party is charged for the call, unless such call is made

solely to collect a debt owed to or guaranteed by the United States


24.Courts have upheld that Defendants are liable for the actions of 3rd parties

   when [they] hire 3rd party companies to market their products and services.

   *See Krakauer v. Dish Network LLC,* No. 1:14-CV-00333, M.D.N.C.;

   &

   *United States of America et al v. Dish Network LLC,* No. 3:09-CV-03073,

   C.D. Ill.

25. The term "'agency' means more than mere passive permission; it involves request, instruction, or command." *See Taco Bell I,* 879 F. Supp. 2d at 1084.

26. The Plaintiff alleges that the conduct of the Defendant's and or their 3rd Party marketing partners arises to a level worthy of Trebled Damages under the TCPA.

27. The TCPA provides at 47 U.S.C. § 227(b)(3)(C) in part that trebled damages can be awarded by the court for willful and / or knowing violations by the Defendant: or

**C)** both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection, or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

28. At all times pertinent hereto Defendants were acting by and through their agents, servants and / or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

29. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/ or employees was intentional, reckless, and in grossly negligent disregard for Federal Laws and the rights of the Plaintiff herein.

30. In the event of default, the Defendants should be ordered to pay Plaintiff between $500 and $1500 along with all costs of bringing and litigating the action together along with pre and post judgement interest.

## Count I:

34.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. At all times pertinent hereto the Defendants were liable to the Plaintiff for violations of:

Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(a)

Which makes Defendants liable to Plaintiff for at least 1  violation as evidenced in the complaint and Plaintiff seeks between $500 and $1,500 in damages for said violation/s at the discretion of the court.

**Jury Trial Demand;**

Plaintiff demands trial by jury on all issues so triable.

**Prayer for Relief;**

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

Statutory Damages;
Treble Damages;
Stacked Damages;
Pre and Post Judgement Interest;
Enjoinder from further violations of these parts;
Costs of litigating the action together along with all reasonable attorney's fees (if any) and court costs;
And such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X _Clinton Strange_                    1-22-2019

Clinton Strange
Pro Se                                        Dated
7021 Winburn Drive
Greenwood, LA 71033
318-780-8946
parsmllc@gmail.com

13

# EXHIBIT A





bistrotogo.co

Text **BISTROTOGO** to **33733**

$5 DOLLARS OF YOUR









$5 DOLLARS OF YOUR
FIRST BISTRO TO GO
ONLINE ORDER!!  WHY
WAIT? SKIP THE LINE
NEXT TIME!!  ORDER
AND PAY FOR
DELICIOUS BISTRO TO
GO FOOD ONLINE!!  IT'S
EASY AND FAST!!

# EXHIBIT B

31996

## Message Info

From **31996**

Received **11:00 AM**

Type **Multimedia message**

Size **63.3 KB**

## Sent To

 **Me**
Mobile: **3187808946**

**VIEW DETAILS**          **CLOSE**

# EXHIBIT C

31996

## Message Info

From **31996**

Received **11:00 AM**

Type **Multimedia message**

Size **63.3 KB**

Msgld **139A63ECB3C30000F7300002**

Uid **839001622**

Message Source Phone

Xid **139A63ECB3C30000F730000201**

Thread Id **45**

Native Thread Id **45**

HIDE DETAILS          CLOSE

Case 6          Page 23 of 48

31996

## Message Info

Msg DB Id **176**

Native Id **20**

Date **Fri Aug 24 11:00:08 CDT 2018**

Server Time **Fri Aug 24 11:00:08 CDT...**

Media Type **[text/plain, image/jpeg]**

Media Resolution **600x942**

---

## Sent To

 **Me**
Mobile: **3187808946**

---

**HIDE DETAILS**          **CLOSE**

To:

Clerk, United States District Court
100 State Street
Rochester, NY 14614

From:

Clinton Strange

7021 Winburn Drive

Greenwood, LA 71033

Dear Clerk:

    Please find the enclosed documents pertaining to *Strange v. Slick Innovations LLC et al.* Case
No. 6:18-CV-06635-FPG:

1-  First Amended Complaint to be filed
2-  A proposed "Service Packet" to be forwarded to the US Marshall Service for service on
    Defendant Bistro To Go, LLC only.  The Defendant Slick Innovations has been served (or
    will be served electronically) via counsel who has appeared in this action.

Warmest Regards,

Clinton Strange            2-5-2019